IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| EARL L. IRWIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CV-300 |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This civil action is before the court for consideration of "Plaintiff's Motion to Remand and Memorandum in Support" [doc. 6]. Defendant has filed a response [doc. 8], and plaintiff has submitted a reply [doc. 10]. In addition, defendant was granted permission to file a surreply brief [doc. 13]. Oral argument is unnecessary, and the motion is ripe for the court's determination. For reasons that follow, the motion will be granted, and this case will be remanded to state court.

On June 21, 2010, plaintiff filed his complaint in the Circuit Court for Knox County, Tennessee. Plaintiff alleges that he was an employee of defendant's railroad and its predecessor lines from 1966 to 1998 and that during his employment he was exposed to toxic substances including "ionizing radiation/radioactive substances." As a result of these exposures, plaintiff has developed disease processes and cancers. His case is brought pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, *et seq*. Defendant removed the case to this court on July 8, 2010, based upon the assertion that this

court has original jurisdiction pursuant to the Atomic Energy Act ("AEA"), 42 U.S.C. § 2201, *et seq*. and its amendments under the Price-Anderson Act ("PAA"), 42 U.S.C. § 2210(n)(2). Defendant concludes that plaintiff's alleged exposure to the radiation/radioactive substances must have occurred at the Oak Ridge, Tennessee nuclear facilities, so the exposure falls within the meaning of "nuclear incident" under the PAA, entitling defendant to jurisdiction in this court. For the reasons that follow, the court disagrees.

Subsequent to establishing a federal government monopoly on the development of nuclear energy with the passage of the AEA in 1946, Congress determined that encouraging the private sector to participate in nuclear energy would be in the national interest. *Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1306 (11th Cir. 1998). As a result, the AEA of 1954 established the Atomic Energy Commission and empowered the Commission to license and regulate nuclear power plants. *Id*. (citing 42 U.S.C. § 2011, *et seq*.). However, "private industry was reluctant to enter the nuclear field unless it had protection from the potentially vast liability that would result from a significant accident at a nuclear power plant." *Cook v. Rockwell Int'l Corp.*, 273 F. Supp. 2d 1175, 1182 (D. Colo. 2003) (citations omitted). In response, Congress enacted the PAA in 1957 as an amendment to the AEA. *Id*.; *see also Roberts*, 146 F.3d at 1306. "Price-Anderson has a dual purpose: to protect the public and to encourage the development of the atomic energy industry. The Act accomplishes this by providing certain licensees with a system of private insurance, government indemnification, and limited liability for certain nuclear tort claims." *Kennedy*

2

*v. S. Cal. Edison Co.*, 268 F.3d 763, 767 (9th Cir. 2001) (internal quotation marks and citations omitted); *see also In re Berg Litig.*, 293 F.3d 1127, 1132 (9th Cir. 2002) ("Price-Anderson Act was passed in order to 'protect the public and encourage the development of the atomic energy industry' by limiting the 'potential civil liability of nuclear power plant operators and provid[ing] federal funds to help pay damages cause by nuclear accidents.'") (citing *In re TMI Litig.*, 193 F.3d 613, 624 n.7 (3rd Cir. 1999)).

The PAA has been amended several times, with significant amendments occurring in 1988. *See Corcoran v. N.Y. Power Auth.*, 935 F. Supp. 376, 384 (S.D. N.Y. 1996). "The focus of the 1988 Price-Anderson Amendments Act was on extending and increasing the pool of funds available to compensate victims of a nuclear incident and on extending, clarifying, and in some cases expanding the reach of various aspects of the *existing* Price-Anderson system." *Cook*, 273 F. Supp. 2d at 1187 (emphasis added). In addition, the PAA was "amended in 1988 to provide 'a mechanism whereby the federal government can continue to encourage private sector participation in the beneficial uses of nuclear materials.'" *Corcoran*, 935 F. Supp. at 384 (citing *In re TMI*, 67 F.3d 1103, 1108 (3rd Cir. 1995)).

With the 1988 amendments, federal court jurisdiction was extended beyond just a "extraordinary nuclear occurrence" to include all "nuclear incidents."[1] *Id.* The 1988

---

[1] A "nuclear incident" is defined in pertinent part as:

any occurrence, including an extraordinary nuclear occurrence, within

(continued...)

3

amendments also created an "exclusive federal cause of action" for injuries caused by radiation, a "public liability action." *Roberts*, 146 F.3d at 1306; *see also Corcoran*, 935 F. Supp. at 384.

> The statute defines a "public liability action" as any suit asserting public liability growing out of exposure to nuclear radiation, 42 U.S.C. § 2014(hh), and defines "public liability" as any legal liability arising out of or resulting from a nuclear incident or precautionary evacuation, *Id.* at 2014(w). The Amendments Act also provided for the removal of, and original federal jurisdiction over, claims for any nuclear incident. 42 U.S.C. § 2210(n)(2).

*Roberts*, 146 F.3d at 1306-07. After the 1988 amendments, if a public liability action is involved, the PAA applies, and "there can be no action for injuries caused by the release of radiation from federally licensed nuclear power plants separate and apart from the [public liability action]." *Corcoran*, 935 F. Supp. at 385 (citing *In re TMI Litig. Cases Consol., II*, 940 F.2d 832, 854-55 (3rd Cir. 1991)).

Defendant seizes on the broadened language of the PAA post the 1988 amendments to conclude that plaintiff's radiation exposure, which must have occurred while he was operating a train on or through the Oak Ridge, Tennessee nuclear facilities, is a

---

[1](...continued)
the United States causing, within or without the United States, bodily injury, sickness, disease, or death, or loss of or damage to property, or loss of use of property, arising out of or resulting from the radioactive, toxic, explosive, or other hazardous properties of source, special nuclear, or byproduct material. . . .

42 U.S. C. § 2014(q).

"nuclear incident" giving rise to application of the PAA and jurisdiction in this court. Plaintiff contends that the PAA only applies to entities that are Nuclear Regulatory Commission ("NRC") licensees or Department of Energy ("DOE") contractors, and since defendant is neither, the Act does not apply and the case should be remanded. The court agrees with plaintiff.

Defendant relies in part on an unpublished district court case, *Ebert v. Norfolk & S. R.R. Co.*, No. 4:06CV139 JCH, 2006 WL 1026868 (E.D. Mo. Apr. 18, 2006). In *Ebert*, plaintiff had worked for the defendant railroad for 37 years and had been exposed to toxic and radioactive materials. He filed a FELA case in state court that was removed to federal district court in Illinois, based on the AEA and the PAA. The plaintiff filed a motion to remand, which the Illinois district court denied and then transferred the case to the eastern district of Missouri. In the Missouri district court opinion cited to this court by defendant, the judge determined that the prior ruling by the Illinois district court had been correct and denied plaintiff's motion to remand.

This court does not find the *Ebert* decision convincing authority for defendant's position that the PAA is now so broad as to include the exposure alleged by plaintiff in this case. Nor is the court convinced that the amendments enacted in 1988 were intended to open the flood gates and extend the reach of the statute beyond the original purposes and framework of the AEA and the PAA. Allowing the present lawsuit to proceed in this court would do exactly that.

5

The court finds more persuasive a reported opinion from the Northern District of Florida, *Samples v. Conoco, Inc.*, 165 F. Supp. 2d 1303 (N.D. Fla. 2001). In *Samples* the plaintiffs brought suit in state court seeking damages for environmental contamination. Defendants removed the case to federal court in part on the basis that jurisdiction existed under the PAA, and plaintiffs moved to remand the case to state court. The defendants contended that plaintiffs' lawsuit was a "public liability action" as defined by the PAA and that plaintiffs' complaint sought recovery of damages for injuries "arising out of or resulting from a nuclear incident." *Id*. at 1320. The court did not agree.

> The Defendants are adamant that the clear language of the PAA covers *any* claim of injury to property allegedly caused by certain nuclear material. Astonishingly, Defendants maintain that Congress did not limit the scope of the PAA's "public liability"provisions to Nuclear Regulatory Commission ("NRC") licensees and Department of Energy ("DOE") contractors. They do not directly support this proposition with case law .... They merely opine that Congress used "sweepingly broad language, expressly covering any occurrence causing" damage to property.
>
> Hogwash! This argument is frivolous. The Defendants should know the PAA only applies to the nuclear energy and weapons industries. Interestingly, the Fifth Circuit recently clarified this point in a case in which Conoco was a party. The appellate court stated: "The Price Anderson Act sets up an indemnification and limitation of liability scheme for public liability arising out of the conduct of the *nuclear energy and weapons industries*." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir.) (emphasis added), *cert. denied*, 530 U.S. 1229, 120 S. Ct. 2658, 147 L. Ed. 2d 273 (2000).

*Id*. at 1320-21.[2]  *Acuna* dealt with plaintiffs who asserted claims based on exposure from uranium mining.  The Fifth Circuit ultimately determined that the district court's exercise of removal jurisdiction under 42 U.S.C. § 2210(n)(2) was proper because "[u]ranium extraction and processing are part of the nuclear weapons and power industries, and therefore come within the ambit of § 2210(n)(2)."  *Acuna*, 200 F.3d at 340; *cf. In re Cincinnati Radiation Litig*., 874 F. Supp. 796, 832 (S.D. Ohio 1995) (injuries stemming from medical experimentation with radiation not intended to fall with § 2210(n)(2)).

The district court in *Samples* further supported its holding by stating, "Dan Berkovitz, an attorney with the Office of General Counsel, U.S. Nuclear Regulatory Commission, explained:

> The Price-Anderson Act . . . governs liability and compensation in the event of a "nuclear incident" arising from activities of Nuclear Regulatory Commission ("NRC") licensees and Department of Energy ("DOE") contractors.  The coverage for NRC licensees encompasses activities of commercial nuclear power plants, certain fuel fabrication facilities, and non-DOE reactors used for educational and research purposes.  Activities of DOE contractors are covered if they involve "the risk of public liability for a substantial nuclear incident."  These contractor activities include nuclear weapons research, development and testing, nuclear energy research and development, and nuclear waste activities.  The Act specifies the procedures for determining the amount and sources of compensation available to compensate persons injured as a result of a nuclear incident arising from these activities.

*Samples*, 165 F. Supp. 2d at 1321 (citing Dan M. Berkovitz, *Price-Anderson Act: Model*

---

[2] The plaintiffs in *Samples* alleged that the nuclear materials that caused the damage were uranium and radium.

7

*Compensation Legislation? - The Sixty-Three Million Dollar Question*, 13 Harv. Envtl. L. Rev. 1, 1-2 (1989) (footnotes omitted); *see also id.* at 3-7; John F. McNett, *Nuclear Indemnity for Government Contractors under the Price-Anderson Act: 1988 Amendments*, 19 Pub. Cont. L. J. 1, 1-3 (1989)). Because the *Samples* defendants offered no proof that they were DOE contractors or NRC licensees, the district court concluded that the lawsuit did not state a cause of action under the PAA. *Id*.

This court is in agreement with the *Samples* court that the PAA applies only to the nuclear energy and weapons industry. The defendant railroad is not engaged in the that industry. Thus, there is no cause of action under the PAA and no basis for jurisdiction in this court. Plaintiff brought his complaint in state court pursuant to the FELA, 45 U.S.C. § 51, *et seq*. "A civil action in any state court against a railroad or its receivers or trustees arising under Sections 51-60 of Title 45, may not be removed to any District Court of the United States." *Norris v. Nat'l R.R. Passenger Corp*., No. HAR 92-28, 1992 WL 44289, at *1 (D. Md. Jan. 27, 1992); *see also Brown v. Nat'l R.R. Passenger Corp*., 725 F. Supp. 873 (D. Md. 1989). Without the purported claim under the PAA, there is no grounds for jurisdiction in this court, and removal was not proper.

Accordingly, plaintiff's motion to remand will be granted, and this case will be remanded to the Circuit Court for Knox County, Tennessee. An order consistent with this opinion will be entered.

ENTER:


        s/ Leon Jordan
   United States District Judge